### VILLAR v. JAK PLASTERING CO., et al.

Industrial Commission.

July 25, 1955.

Rafael A. Rivera-Cruz, Miami, for claimant.

Knight, Smith & Underwood, Miami, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, commissioners WALTER L. LIGHTSEY and JAMES CAMERON participated in the disposition of this application for review.

## BY THE COMMISSION.

This case is before us on the carrier's motion to dismiss the review because the transcript of the proceedings before the deputy was not filed with the commission within 45 days from the date of the filing of the application for review.

All dates hereinafter mentioned are in 1955. The deputy's order granting certain benefits was served on the parties on February 16. Claimant's application for review was mailed March 7 and filed in Tallahassee on March 9. Copy of the application for review was filed in the deputy's office on March 8. On March 22 the commission notified the parties the application had been timely filed to vest jurisdiction in the full commission to review the order.

On March 25 claimant's attorney was advised of costs in connection with preparation of the transcript. The transcript was completed by reporters on April 18 and delivered to the deputy's office for certification prior to filing. Deputy Commissioner McCaughan, the trial deputy, left the employ of the commission on February 28 and could not properly certify the transcript.

On April 20 the commission notified counsel that the transcript had been received and requested the parties to appear and certify by stipulation. Claimant's attorney so certified on April 21. Counsel for the carrier, after a second notice and request by the commis-

sion, certified the record on Friday, April 22 — the 45th day after March 8, the date of filing the application for review. The certified record was mailed on Friday, April 22 and was marked "filed" in Tallahassee on Monday, March 25. The commission offices in Tallahassee are closed on Saturdays and Sundays.

The commission is of the opinion that under the circumstances outlined above the carrier's motion should be denied. While section 440.25(4), Florida Statutes 1953, prescribes the time within which the transcript must be filed with the full commission, it is our belief that the slight delay in this instance is excusable.

Neither the claimant nor his counsel could control the delay in commission certification of the record — due to a change in deputy commissioners. Nor could the claimant control the delay in certification occasioned by the failure of the carrier promptly to stipulate on such certification, after notice and request by commission personnel. Surely the carrier, in the absence of a stringent jurisdictional impediment, cannot now take advantage of its own, we are sure, unintended act of delay.

The commission is of the opinion that the record filing requirements of the Act are not jurisdictional in the same manner or degree as are the requirements relative to commission and court review of deputies' orders. While not controlling, persuasive authority for this position is found in 3 Am. Jur. 236, Appeal and Error, sections 619-21.

The carrier's motion to dismiss is denied and the cause ordered placed on the docket for review on the merits.